IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABRAHAM A. SIWONIKU et al. | : | |
|     Plaintiffs, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 17-3949 |
| | : | |
| FEDERAL NATIONAL MORTGAGE | : | |
| ASSOCIATION, et al. | : | |
|     Defendants. | : | |

Jones, II    J.                                                                                    September 12, 2018

## **MEMORANDUM**

Plaintiffs maintain that Defendants wrongfully designated Plaintiffs' mortgage as delinquent and inaccurately reported same to numerous credit reporting agencies. Plaintiffs allege that Plaintiffs made repeated attempts to alert Defendants to the inaccuracy of Defendants' accounting and that despite promises to investigate, Defendants continued to misrepresent the status of Plaintiffs' mortgage loan. Plaintiffs brought suit against Defendants for defamation, breach of contract, and violations of various state and federal statutes. Presently before the Court is Defendants Federal National Mortgage Association and Seterus, Inc.'s ("Moving Defendants") Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). After thorough, comprehensive review of the pleadings and Motion filings, Moving Defendants' Motion is granted in part and denied in part as outlined herein. Plaintiffs are granted leave to amend the Complaint within fourteen (14) days of the filing of this Memorandum and the Order that follows.

## **Relevant Background**

The following facts are presented in the light most favorable to Plaintiffs. In October 2007, Plaintiffs Abraham Siwoniku and Alero Smith-Kidd executed a mortgage on property

owned in Bala Cynwyd, Pennsylvania. (ECF No. 1, pp. 5-6.) At different points thereafter, Plaintiffs' mortgage was assigned to Defendants Bank of America, N.A. ("BoA") and Federal National Mortgage Association ("FNMA"). (ECF No. 1, p. 7.) In April 2012, Defendant FNMA filed a foreclosure action against Plaintiffs in the Court of Common Pleas of Montgomery County. (ECF No. 1, p. 7.) According to Defendant FNMA's Complaint in the Montgomery County case, Plaintiffs defaulted on their mortgage in October 2011. (ECF No. 1, p. 7.) Defendant FNMA's allegations aside, Plaintiffs dispute ever defaulting on their mortgage, and maintain that all payments were timely remitted in full. (ECF No. 1, p. 7.) Plaintiffs submitted proofs of their past payments to Defendants and, at various points, attempted to resolve the discrepancies in Defendants' accounting of Plaintiffs' mortgage-related transactions. (ECF No. 1, p. 7.) Defendants failed to respond to Plaintiffs' requests for information or attempts at resolution. (ECF No. 1, p. 8.) Instead, Defendants promised Plaintiffs that any errors would be corrected and Plaintiffs would be contacted with an accurate account of their mortgage's status. (ECF No. 1, p. 8.) According to Plaintiffs, Defendants fulfilled neither promise. (ECF No. 1, p. 8.) As a result of Defendants' inaction, the Montgomery County case remains ongoing and Plaintiffs have allegedly suffered significant financial and emotional damage. (ECF No. 1, p. 8.)

Based on the foregoing, Plaintiffs initiated suit against Defendants for violations of several state and federal statutes, breach of contract, common law fraud, and defamation. (ECF No. 1.) Moving Defendants timely filed the instant Motion to Dismiss the Complaint for Failure to State a Claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 16.) Presently before the Court is Moving Defendants' Motion and Plaintiffs' Response in Opposition thereto.

## **Standard of Review**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and

determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks omitted). After the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citing Twombly, 550 U.S. at 556). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("[A]ll civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation marks omitted).

## Discussion

Moving Defendants challenge each of Plaintiffs' claims, in some instances presenting numerous arguments in support of dismissal. In the interests of clarity, the Court considers the sufficiency of the pleadings to establish each of Plaintiffs' claims in turn.

I. **Count One**

In Count One of the Complaint, Plaintiffs allege that Defendants committed fraud and otherwise engaged in deceptive practices in their servicing of Plaintiffs' home mortgage loan. (ECF No. 1, p. 9.) In support of their claim Plaintiffs cite a failure to properly credit Plaintiffs' account for the payments timely made, alleged misrepresentations about the status of Plaintiffs' debt, alleged misrepresentations about corrective action taken to update Plaintiffs' account to reflect Plaintiffs' payments, improper assessments of late fees and other penalties, and a failure to advise Plaintiffs of loss mitigation options once the loan was determined delinquent. (ECF No.

1, p. 9.) Moving Defendants seek dismissal of Count One on two grounds. First, Moving Defendants argue that Plaintiffs' fraud claim fails to comport with the pleading requirements of Federal Rule of Civil Procedure 9(b). (ECF No. 16, p. 5.) And second, Moving Defendants argue that the gist of the action doctrine bars recovery on Plaintiffs' claim for fraud.

The Court need not reach the applicability of the gist of the action doctrine to the claim at bar, as it clear from the face of the pleadings that Plaintiffs fail to allege fraud with the particularity required by Rule 9(b). "[A] plaintiff in federal court, to comply with Rule 9(b), must allege 'the date, time, and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation,' and must state 'the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which it is charged.'" Shuker v. Smith & Nephew PLC, 885 F.3d 760, 778 (3d Cir. 2018) (internal citations omitted). The Complaint plainly fails to meet this heightened pleading standard. Throughout the Complaint, Plaintiffs speak almost entirely in generalities, applying the same vague allegations to each claim without any specific reference to dates, times, places, or speakers. The Court is unable to determine from the pleadings which of Defendants said or did what, and how said action was fraudulent or otherwise unlawful. As they presently stand, Plaintiffs' allegations are therefore insufficient to state a claim for fraud. Moving Defendants' Motion is granted as it relates to Count One.

II. **Count Two**

In Count Two of the Complaint, Plaintiffs bring suit against all Defendants for various violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq., and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2602 et seq. (ECF No. 1, pp. 11-12.) Plaintiffs' TILA claims against moving Defendants are summarily dismissed because Plaintiffs fail to allege sufficient facts from which this Court could find either Moving Defendant operated

in the capacity of "creditor," as is required for civil liability under the statute. By its express terms, the TILA provides for a private cause of action against "any *creditor* who fails to comply with any requirement imposed under this chapter [15 USCS §§ 1631 et seq.]...." 15 U.S.C. § 1640(a) (emphasis added). And the statute limits the definition of creditors "only to a person who *both* (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, *and* (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of evidence of indebtedness…." 15 U.S.C. § 1602(g) (emphasis added). Plaintiffs seemingly seek to hold moving Defendant FNMA liable under the TILA as assignee of Plaintiffs' original creditor. But "for assignee liability to attach with respect to a consumer credit transaction secured by real property, two conditions must exist: (A) the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement provided in connection with such transaction…and (B) the assignment to the assignee was voluntary." Seldon v. Home Loan Servs., 647 F. Supp. 2d 451, 462-463 (E.D. Pa. 2009) (citing 15 U.S.C. § 1641(e)(1)(A)-(B)) (internal quotations omitted). The Complaint is devoid of any facts related to the foregoing required conditions. Besides the conclusory allegation that all Defendants in this action functioned as creditors at all times material hereto, Plaintiffs provide nothing by way of facts to allege same. Plaintiffs' TILA claims are thus necessarily deficient.

As it relates to Plaintiffs' claims under RESPA, all claims against Moving Defendants are also dismissed as insufficiently pled. Plaintiffs fail to plead that either Moving Defendant functioned as a loan servicer at any time material to this action, and it is clear from its express statutory terms that the identified provisions of Section 1024 of RESPA only govern the conduct

5

of servicers. 12 C.F.R. § 1024.17. Moving Defendants' Motion is granted as it relates to Count Two.

III. **Count Three**

In Count Three of the Complaint, Plaintiff alleges violations by Defendants of Sections 1692f and 1692g of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1601 et seq. (ECF No. 1, pp. 12-13.) Count Three of the Complaint is dismissed as insufficiently pled, as Plaintiffs fail to allege facts from which this Court could ascertain which, if either, Moving Defendant functioned as a "debt collector" within the meaning of the Act. The purpose of the FDCPA is to "eliminate abusive debt collection practices by *debt collectors* and to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Tatis v. Allied Interstate, LLC, 882 F.3d 422, 427 (3d Cir. 2018) (internal citations omitted) (emphasis added). "The [FDCPA]only applies to 'debt collectors' as defined in the statute…*It does not apply to every entity that attempts to collect a debt.*" Sayre v. Customers Bank, Civ. No. 14-3740, 2015 U.S. Dist. LEXIS 69795, at *45 (E.D. Pa. May 29, 2015) (citing Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 403 (3d Cir. 2000)) (internal quotations omitted) (emphasis added). Thus, in the absence of facts that would establish Moving Defendants met the FDCPA's definition of debt collectors at the times material hereto, it is unclear that the FDCPA even applied to Defendants' alleged misconduct. For that reason, Moving Defendants' Motion is granted as it relates to Count Three of the Complaint.

IV. **Count Four**

In Count Four of the Complaint, Plaintiffs allege that Defendants violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law (hereinafter "UTPCPL"), 73 Pa. C.S. 201-1 et seq., by, *inter alia*, failing to properly credit Plaintiffs' account for the payments timely remitted, wrongfully claiming Plaintiffs were in default or otherwise delinquent

6

with respect to the outstanding debt, misrepresenting the status of Plaintiffs' loan, and improperly assessing Plaintiffs late fees, interest, and other penalties. (ECF No. 1, pp. 14-16.) Defendants move for dismissal of the instant claim on the grounds that Plaintiffs fail to allege a necessary element of Plaintiffs' UTPCPL claim, justifiable reliance. "A plaintiff alleging deceptive conduct [under the UTPCPL] must satisfy three elements…First, a Plaintiff must allege facts showing a deceptive act, that is conduct that is likely to deceive a consumer acting reasonably under similar circumstances. Next, the plaintiff must allege justifiable reliance…Finally, the plaintiff must allege that this justifiable reliance caused ascertainable loss." Vassalotti v. Wells Fargo Bank, N.A., 732 F. Supp. 2d 503, 510-511 (E.D. Pa. 2010) (internal citations omitted). As it relates to a UTPCPL deception claim, to plead justifiable reliance, the plaintiff must allege he justifiably engaged in some "detrimental activity" in reliance upon the defendants' deceptive conduct or statements. Id. at 511.

Plaintiffs appear to argue that the Court can simply infer justifiable reliance based on the nature of the instant action – specifically that "substantial reliance is placed upon the accuracy of the billing statements and reports as to the status of [a] loan." (ECF No. 17, p. 12.) The Court disagrees with Plaintiffs' argument that any such inference is reasonable, or somehow implicit in the allegations pled. Despite Plaintiffs' apparent argument to the contrary, the question is not whether Plaintiffs expected that Defendants would accurately report the status of Plaintiffs' loan. Instead, as it relates to the instant claim, the pertinent inquiry is whether Plaintiffs relied upon the alleged mistruths in Defendants' accounting and acted – to Plaintiffs' own detriment – based upon said reliance. Plaintiffs do not allege that (1) they paid more or less toward their mortgage based upon Defendants' accounting thereof, (2) assumed additional loan debt in an effort to bring Plaintiffs' inaccurately reported mortgage current, or (3) otherwise adversely altered the

manner by which Plaintiffs lived and enjoyed life because they justifiably relied on the accuracy of their loan documents. To the contrary, based on the facts of record, Plaintiffs never accepted the Defendants' billing statements as accurate, and rather than relying on the alleged misinformation surrounding the status of Plaintiffs' mortgage, Plaintiffs affirmatively and repeatedly challenged Defendants' records. Moving Defendants' Motion is thus granted as it relates to Count Four.

V.   **Count Five**

In Count Five of the Complaint, Plaintiffs allege that by its conduct, Defendant breached several of the contractual terms outlined in Plaintiffs' home mortgage loan. (ECF No. 1, pp. 16-17.) Specifically, Plaintiff alleges that Defendant violated the covenant of good faith and fair dealing by engaging in various deceptive practices intended to cause Plaintiffs to lose their homes, and breached the parties' verbal agreement that Defendant would provide Plaintiffs with options by which Plaintiffs could modify the terms of their note and retain ownership of their home. (ECF No. 1, p. 17.) After thorough review of the Complaint, this Court finds that Plaintiffs fail to allege any of the necessary elements of a breach of contract claim. The vague allegations repeated and applied to nearly every cause of action are insufficient to establish the existence of a contract by which Moving Defendants were bound or the conduct by Moving Defendants that violated the terms of said contract. Plaintiffs are reminded that the Complaint cannot be amended through motion filings. See Pennsylvania ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). The inquiry before this Court is whether the pleadings suffice to state a viable claim, and as it relates to Count Five of the Complaint, the pleadings do not so suffice. Moving Defendants' Motion is therefore granted as it relates to Count Five.

VI. **Count Six**

In Count Six of the Complaint, Plaintiffs allege Defendants repeatedly published false statements regarding the status of Plaintiffs' loan to numerous credit agencies despite Plaintiffs' numerous attempts to alert Defendants to the falsity of Defendants' reporting. (ECF No. 1, pp. 17-19.) Moving Defendants seek dismissal of the instant claim on the grounds that the FCRA preempts Plaintiffs' defamation action because Plaintiffs cannot demonstrate Moving Defendants acted with malice or willful intent to injure. (ECF No 16-2, pp. 15-17.) The Court theorizes that malice or willful intent to injure could be established at the pleading stage sufficient to allow a defamation claim to proceed where the plaintiff alleges that she repeatedly alerted the defendant to the inaccuracy of the defendant's reporting and provided proofs of same. But here, Plaintiffs fail to allege to which Defendant Plaintiffs directed their alleged proofs, or otherwise provide any facts from which the Court could determine that Moving Defendants were apprised of their alleged falsehoods but persisted with their inaccurate reporting nonetheless. As such, the Court finds that Plaintiffs fail to plead malice or willful intent to injure, and in the absence thereof, Plaintiffs' state law defamation claim is preempted by the FCRA. 15 U.S.C. § 1681h(e). Moving Defendants' Motion is therefore granted as it relates to Count Six of the Complaint.

VII. **Attorneys' Fees and Punitive Damages**

Finally, Moving Defendants seek dismissal of Plaintiffs' claims for attorneys' fees and punitive damages. (ECF No. 16-2, p. 17.) The Court declines to rule thereupon at this early stage of the pleading. Moving Defendants' Motion is therefore denied as it relates to Plaintiffs' request for the award of attorneys' fees and punitive damages.

## CONCLUSION

Based on the foregoing, Moving Defendants' Motion to Dismiss is granted as it relates to Counts One through Six of the Complaint, and denied as it relates to Plaintiffs' request for attorneys' fees and punitive damages. Plaintiffs are granted leave to amend the Complaint within fourteen days of the filing of this Memorandum and the accompanying Order.

BY THE COURT:

/s/ C. Darnell Jones, II
C. DARNELL JONES, II   J.