# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABRAHAM A. SIWONIKU et al. | : | |
|    *Plaintiffs*, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 17-3949 |
| | : | |
| FEDERAL NATIONAL MORTGAGE | : | |
| ASSOCIATION, et al. | : | |
|    *Defendants*. | : | |

**Jones, II     J.**                                                                              September 6, 2019

## **MEMORANDUM**

Plaintiffs Abraham A. Siwoniku and Alero Smith-Kidd ("Plaintiffs") bring this diversity action to remedy the alleged wrongful designation of their mortgage as defaulted. Their original Complaint set forth claims against Defendants Federal National Mortgage Association ("FNMA") and Seterus, Inc. ("Seterus") (collectively, the "Defendants") for fraud, defamation, breach of contract, violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. C.S. 201-1 et seq., violations of the Truth in Lending Act, and violations of Sections 1692f and 1692g of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1601 et seq. Defendants filed a Motion to Dismiss the Complaint ("First Motion to Dismiss") for failure to state a claim in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court granted the motion, in part, and dismissed each of those claims with leave to amend, which Plaintiffs did.

Pending before the Court is Defendants' Motion to Dismiss the Amended Complaint ("Second Motion to Dismiss"), which sets forth claims for: (1) fraud; (2) negligence; (3) violations of §§1692f and 1692g of the FDCPA; and (4) breach of contract. After reviewing the Amended Complaint (ECF No. 26), Defendants' Second Motion to Dismiss (ECF No. 27), and

Plaintiffs' Opposition thereto ("Plaintiffs' Opposition") (ECF No. 28) the Court will grant Defendants' motion and dismiss the Amended Complaint with prejudice.

I.       **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The factual background and procedural history of this case was set forth in this Court's Memorandum discussing the First Motion to Dismiss (ECF No. 23). Rather than repeat that discussion, the Court incorporates the "Relevant Background" in its prior Memorandum here. Those facts were construed in a light most favorable to Plaintiffs.

The Court will, however, set forth two new allegations from the Amended Complaint that bear on the Court's analysis. First, Plaintiffs now allege that although the mortgage at issue was assigned to Defendant FNMA, Defendant Seterus "became the 'servicer' of said note/mortgage as the term is defined in 12 CFR § 1024.2, and was acting at all times as the agent, servant and representative of Defendant FNMA, in furtherance of their own interest and the interest of Defendant FNMA." Am. Compl. at 2 (ECF No. 25). Second, Plaintiffs now allege that Defendants filed a motion for summary judgment in the foreclosure proceeding in the Court of Common Pleas of Montgomery County on the mortgage at issue. Am. Compl. at 3. Plaintiffs allege that the motion was denied and that the transcript of the hearing attached to the Amended Complaint demonstrates that "Defendant was unable to produce evidence that the Plaintiffs had defaulted on the mortgage and in fact had produced records that were missing pages." Am. Compl. at 3. Plaintiffs use this to support their claim that "Defendants have been unable to account for or in any way justif[y] the allegation of a default or filing of a foreclosure action." Am. Compl. at 3.

## II. STANDARD OF REVIEW

The well-established standards of Rule 12(b)(6) govern this motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

## III. DISCUSSION

Defendants have challenged the sufficiency of each of Plaintiffs' claims. In the interest of clarity the Court will consider whether each count states a claim for relief in turn.

### A. Count One – Fraud

The Court previously dismissed Plaintiffs' fraud count for failure to plead with the particularity required by Rule 9(b). Mem. Granting First Mot. Dismiss at 4 (ECF No. 23). The Amended Complaint contains the same general allegations found lacking in the original Complaint. Plaintiffs attempt to add particularity by including allegations about a hearing held on a motion for summary judgment in a foreclosure action on the mortgage at issue. Plaintiff pleads that Defendants were "unable to produce evidence that the Plaintiffs had defaulted on the mortgage" and could not justify deeming their mortgage defaulted or filing a foreclosure action.

Defendants argue that this Count must be dismissed for three reasons. First, Plaintiffs have still failed to plead reasonable reliance on Defendants' alleged misrepresentation given their express denial of default or delinquency. Sec. Mot. Dismiss at 7. Second, any statements made at the hearing on the motion for summary judgment are judicially privileged and unable to be relied upon here. Sec. Mot. Dismiss at 8. Third, the gist of the action doctrine bars this claim because the alleged fraud arose out of a breach of the terms of the governing mortgage loan agreement – a contract. Sec. Mot. Dismiss at 8.

The Court need not address each of Defendants' arguments because Plaintiffs have again failed to plead the elements of fraud with particularity. *See Chase v. Creegan*, 169 A.3d 1136 (Pa. Super. Ct. 2017). Plaintiffs fail to plead that they reasonably relied upon Defendants' alleged misrepresentation about their mortgage being in default. Plaintiffs also fail to plead Defendants knowingly or recklessly made false representations regarding the status of Plaintiffs' mortgage. Presumably, Plaintiffs included allegations about the hearing on the motion for summary judgment to address this prong of the fraud analysis. However, the portion of the transcript relied upon by Plaintiffs in the Amended Complaint does not have the import they believe. At that hearing the Court questioned Defendants about an electronically submitted exhibit to their motion for summary judgment that was missing a page. Am. Compl. at Ex. A, 8:14-20. In response, counsel attempted to submit a complete history in hardcopy, but the Court denied the request and, subsequently, the motion for summary judgment, finding there to be an issue of material fact given the incomplete payment history of record. Am. Compl. at Ex. A, 8:14-20. Thus the transcript, which was incorporated into the Amended Complaint, is not the smoking gun Plaintiffs believe it to be.[1] This count is dismissed for failure to state a claim.

**B. <u>Count Two – Negligence</u>**

Plaintiffs raised a negligence claim for the first time in their Amended Complaint. Plaintiffs claim that Defendants owed them a duty to properly handle and service their mortgage but failed to keep that duty through their inaccurate record keeping, crediting of payments, and failure to issue periodic billing. Am. Compl. at p. 7.

---

[1] The Court acknowledges Defendants' judicial immunity argument, but does not believe it to be relevant at this juncture given the manner in which the Court used the transcript and the Court's dismissal of this Count.

Defendants argue that Plaintiffs' negligence claim is barred by the economic loss doctrine. As applied in Pennsylvania, that doctrine provides that "no cause of action exists for negligence that results solely in economic damages unaccompanied by physical injury or property damage." *Longenecker-Wells v. Benecard Servs., Inc.*, 658 Fed. Appx. 659, 662 (3d Cir. 2016).

Plaintiffs argue that they sustained physical and emotional damage, which preempts this argument. Opp'n Sec. Mot. Dismiss at 11 (ECF No. 28). Moreover, given the lack of a contractual relationship with Defendant Seterus, Plaintiffs contend that the doctrine does not bar the conduct alleged. Opp'n Sec. Mot. Dismiss at 11. Plaintiffs are wrong.

First, Plaintiffs have provided no support for the suggestion that emotional harm manifested as physical injury circumnavigates the economic loss doctrine. Indeed, even if it did, Plaintiffs have not plausibly pled such an injury. Additionally, the Third Circuit has expressly refused to hold that Pennsylvania's economic loss doctrine was inapplicable where plaintiff and defendant were not in contractual privity with one another. *Longenecker-Wells*, 658 Fed. Appx. at 662. Consequently, Plaintiffs' negligence count is dismissed as barred under the economic loss doctrine.

### C. Count Three – Fair Debt Collection Practices Act

Plaintiffs have re-pled alleged violations of §§ 1692f and 1692g under the FDCPA in the Amended Complaint. The Court dismissed this count from the original Complaint for Plaintiffs failure to plausibly plead that the Defendants meet the FDCPA's definition of a debt collector. Mem. Granting First Mot. Dismiss at 6.

The Amended Complaint contains new allegations regarding Defendant Seterus's role as a "servicer acting on behalf of Defendant [FNMA] per 12 CFR § 1024.2." Am. Compl. at 8. Plaintiffs also pleads that at all relevant times "Defendant Seterus treated the Plaintiff's mortgage as if it were in default and attempted to collect it as a defaulted debt." Am. Compl. at 8.

Defendants again argue that Plaintiffs have failed to state a claim under the FDCPA because they have failed to plead they either Defendant FNMA or Defendant Seterus were debt collectors under the Act. Defendants argue that courts in this circuit generally do not consider mortgage servicing companies debt collectors, and loan servicers have only been considered debt collectors where the mortgage at issue was already in default when the servicer began servicing the loan. Sec. Mot. Dismiss at 10. Plaintiffs failed to provide the Court with any argument of note, simply citing to the FDCPA and a Sixth Circuit case. Opp'n Sec. Mot. Dismiss at 12.

A debt collector is "any person who . . . regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." § 1692a(g). Under *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000), a lender or servicer may be considered a debt collector "if the mortgage at issue was already in default at the time the servicer or lender began servicing the loan." Although Plaintiffs do plead that their mortgage was never in default, they also plead that Defendant Seterus "treated Plaintiffs' mortgage *as if it were in default*" during the relevant time period when it engaged with Plaintiffs "on behalf of Defendant [FNMA]." Am. Compl. at 8. Thus, the question is whether an entity that treats a mortgage loan as in default, and contacts the mortgagor to collect the defaulted amount, is for all intents and purposes conducting itself as a debt collector under the FDCPA. Unfortunately for Plaintiff that question will have to be addressed by another Court on another day.

Plaintiffs have pled that Defendant Seterus was a servicer as defined in 12 C.F.R. §1024.2, which states in relevant part:

<blockquote>

Servicer means a person responsible for the servicing of a federally related mortgage loan (including the person who makes or holds such loan if such person also services the loan).

. . .

Servicing means receiving *any scheduled periodic payments from a borrower* pursuant to the terms of any federally related mortgage loan . . . and making the payments to the owner of the loan . . . as may be required pursuant to the terms of the mortgage servicing loan documents or servicing contract.

</blockquote>

Am. Compl. at 2. Plaintiffs also pled that Defendant Seterus "acted as a debt collector for this loan." Am. Compl. at 8. However, a debt collector is one who "regularly collects or attempts to collect debts owed." Not one who acts as a debt collector on a particular loan. Thus, although Defendant Seterus could feasibly be a debt collector, it could not be both a servicer *and* a debt collector with respect to the mortgage note at issue. At base then Plaintiff has pled two contradictory legal conclusions, neither of which shall be afforded the deference of truth, and neither of which state a claim. Accordingly, as Plaintiffs have failed to plausibly plead that Defendants were collectively or independently debt collectors as defined in FNMA, this Count is dismissed.

### D. **Count Four - Breach of Contract (Including Covenants of Good Faith and Fair Dealing)**

Finally, Plaintiffs have re-alleged their breach of contract claim. The Court previously dismissed this count for failing to plausibly plead the elements of this claim. Mem. Granting First Mot. Dismiss at 8. Defendants argue, and Plaintiffs concede, that there was no contract between Defendant Seterus and Plaintiffs. Sec. Mot. Dismiss at 11; *accord* Opp'n Sec. Mot.

Dismiss at 28.  Defendants also argue that as to Defendant FNMA, Plaintiffs fail to provide anything other than conclusory allegations regarding the alleged contractual obligation that was breached.  Sec. Mot. Dismiss at 12.

In response, Plaintiffs argue and allege that the original mortgage note purchased by Defendant FNMA contained a covenant of good faith and fair dealing that included the proper maintenance of records, crediting of payments, and accurate issuance of bills.  Am. Compl. at 9-10; Opp'n Sec. Mot. Dismiss, at 13-14.  The Court need not address the legality of Plaintiffs' arguments because to the extent such a claim exists, it is barred by the economic loss doctrine for the reasons set forth above regarding Plaintiffs' negligence claim.  *See* III. B., *supra*.  Consequently, this count is also dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Defendants' Second Motion to Dismiss is granted.  As Plaintiffs have already been given leave to amend, the Amended Complaint is dismissed prejudice.  *See Berkery v. Wissahickon School Dist. Bd. Of Directors*, 628 Fed. Appx. 109, 112 (3d Cir. 2015).  An appropriate Order follows.

BY THE COURT:

*/s/ C. Darnell Jones, II*
C. DARNELL JONES, II     J.